## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| Osvaldo de la Fuente and Victor Hugo Tapia Romero,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Columbia Recycling Corp. and Gold Pond Corp.; and Total Employee Solution Support, LLC.<br>　　　　　　Defendants. | CIVIL ACTION FILE<br><br>NO:  4:22-cv-00256-WMR |

## FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

Plaintiffs Osvaldo de la Fuente and Victor Hugo Tapia Romero ("Plaintiffs"), and Defendants Columbia Recycling Corp. and Gold Pond Corp. ("Settling Defendants"), by and through their counsel, have agreed, subject to Court approval following sending of the class notice to the Settlement Class and a hearing, to settle this action upon the terms and conditions in the Amended Class Action Settlement Agreement dated July 14, 2025, Doc. 140-2 (the "Settlement Agreement" or the "Agreement"), which together with the Exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice upon the terms and conditions set forth therein.

1

The Court has read and considered the Settlement Agreement; and

WHEREAS, good cause has been shown, and the Court having considered the record and arguments of counsel, and being otherwise fully advised in the premises;

WHEREAS, this Court granted preliminary approval of the Settlement Agreement (including the attachments thereto) on August 18, 2025, and directed that notice be provided in accordance with the terms of the Agreement thereby providing the opportunity for Class Members to evaluate the Agreement's terms and to request exclusion, or submit an objection by October 28, 2025, and set a final approval Fairness Hearing for November 12, 2025. Doc. 143 ("Preliminary Approval Order");

WHEREAS, this Court ordered that notice be directed to Class Members pursuant to the terms of the Settlement Agreement;

WHEREAS, the Parties have demonstrated that the notice plan was completed in accordance with the terms of the Settlement Agreement and pursuant to this Court's Order;

WHEREAS, in accordance with the notice, a final Fairness Hearing was conducted on November 12, 2025, during which this Court considered (1) the fairness, adequacy, and reasonableness of the Settlement Agreement terms under Fed. R. Civ. P. 23(e), (2) whether certification of the Settlement Class was proper under Rule 23, and (3) whether the attorneys' fees and costs sought were fair and reasonable under Rule 23(h);

WHEREAS, Class Counsel filed their Unopposed Motion for Attorneys' Fees and Costs (Doc. 154) on October 13, 2025, fifteen days before the deadline to object to the Settlement;

WHEREAS, this Court has fulfilled its duty to analyze the fairness, reasonableness, and adequacy of the proposed Settlement Agreement and the Unopposed Motion for Attorneys' Fees and Costs by considering not only the filings and arguments of Plaintiffs, Class Counsel, and the Settling Defendant, but also by independently evaluating the Settlement Agreement and Class Counsels' Unopposed Motion for Attorneys' Fees and Costs;

WHEREAS, by performing this independent analysis of the Motion for Final Approval, the Settlement Agreement, and Class Counsel's Unopposed Motion for Attorneys' Fees and Costs, the Court considered and protected the interests of all absent Settlement Class Members under Fed. R. Civ. P. 23;

WHEREAS, the notice, which was sent via mail, email, telephone, and WhatsApp, advised Class Members of the methods by which Class Members could exclude themselves from the proposed Settlement and Settlement Class and independently pursue an individual legal remedy against Defendants;

WHEREAS, pursuant to the Settlement Agreement and this Court's Preliminary Approval Order, all Settlement Class Members maintained the absolute

right to request exclusion and pursue an individual lawsuit against the Settling Defendants;

WHEREAS, as explained in the notice sent to all Class Members, any Settlement Class Member who failed to request exclusion under the terms of the Settlement Agreement voluntarily waived the right to pursue an independent remedy against the Settling Defendants;

WHEREAS, the notice sent to all Class Members advised Settlement Class Members of the method by which Class Members could file objections to the Settlement Agreement, including the terms of the Agreement, anticipated recovery for Settlement Class Members, and the requested amount of attorneys' fees and costs, and any timely objectors could request to be heard at the final Fairness Hearing;

WHEREAS, no Class Members or non-Class Members have submitted any objections at any time to the Settlement Agreement or Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs or to any other issue; and

WHEREAS, no Class Member has requested exclusion under the terms and conditions of the Settlement Agreement;

NOW, THEREFORE, based upon the Settlement Agreement, all files, records, and proceedings herein, statements of counsel, including those set forth in the Motion for Final Approval and the Unopposed Motion for Attorneys' Fees and Costs,

along with the declarations affixed thereto, and upon the Hearing conducted on November 12, 2025, this Court finds and concludes as follows:

1. The Settlement Agreement (including its Exhibits) is hereby incorporated by reference in this Order, and all terms defined in the Agreement have the same meanings in this Order

2. This Court possesses jurisdiction over the subject matter of this Action and over all parties to this Action, including all Defendants, all Named Plaintiffs and all Settlement Class Members.

3. On August 18, 2025, this Court entered a Preliminary Approval Order certifying the Settlement Class, in which this Court found that the Settlement was the product of serious, informed, non-collusive, arms-length negotiations between the parties, aided by the services of a highly skilled mediator (Christopher Parker). The Settlement relief is a large percentage of the maximum possible recovery for the class, which places this Settlement on a higher ground than other cases where lower percentage recoveries were approved. *See Parsons v. Brighthouse Networks, LLC*, No. 2:09-cv-267-AKK, 2015 WL 13629647, at *3 (N.D. Ala. Feb. 15, 2015) (noting that class recoveries of between 13% to 20% are "frequently found ... to be fair and adequate"); Doc. 143 at ¶ 11.

4. The Court preliminarily approved the Agreement (including Exhibits), and found the proposed Agreement was sufficiently fair, reasonable, and adequate to warrant providing notice to the Settlement Class. Doc. 143 at ¶ 9.

5. As set forth in the Settlement Agreement, the Court certified the following Rule 23 Settlement Classes and Fair Labor Standards Act ("FLSA") Collective Action Subclasses:

> A. FLSA Collective Action Subclass I:
>
> All TN visa holders employed by one or more Defendant(s) who suffered underpayment of overtime at the rate of one-and-a-half times the regular rate of pay, including employer-provided transportation, housing, and non-discretionary bonuses.
>
> B. FLSA Collective Action Subclass II:
>
> All TN visa holders employed by one or more Defendant(s) who suffered underpayment of overtime at the rate of one-and-a-half times the mandated regular rate of pay in Defendant Columbia Recycling Corp[oration]'s job offers.
>
> C. Rule 23 Class:
>
> All individuals who, between November 18, 2016, and the present, (1) received wages from Defendant CRC and/or Defendant GPC; and (2) were TN visa holders.

Doc 143 at ¶ 4.

6. The Court further found that the Rule 23(b)(3) prerequisites were satisfied because questions of law and fact common to all members of the Settlement

6

Class predominate over questions affecting only individual members of that Settlement Class, and certification of the Settlement Class is superior to other available methods for fair and efficient resolution of this controversy. Doc. 143 at ¶ 5.

7. The Court hereby reaffirms this definition of the Settlement Class and FLSA Subclasses for purposes of this Final Order and Judgment and certifies this Action, for settlement purposes only, as a Class Action. The Settlement Class as defined above is adequately defined and clearly ascertainable, and record evidence demonstrates the numerosity, commonality, typicality, and adequacy prerequisites are satisfied, common questions of law and fact predominate over any individual questions, and class treatment is superior to any alternative method of adjudication.

8. Such finding should not be deemed an admission by any Defendant of liability or fault or a finding of the validity of claims asserted in the Action or of any wrongdoing by any Defendant. Neither the terms and provisions of the Agreement nor any of the negotiations or proceedings connected with it shall be construed as an admission or concession by any Defendant of the truth of the allegations made in the Action or of any liability, fault, or wrongdoing on the part of any Defendants.

9. Each Named Plaintiff has sufficiently demonstrated Article III standing and satisfied Rule 23(a)(4)'s adequacy prerequisite, and each is appointed as a representative of the Settlement Class ("Class Representative").

10. Having also satisfied the adequacy prerequisite prescribed by Rule 23(a)(4), the following attorneys are appointed as counsel for the Settlement Class ("Class Counsel"):

RADFORD SCOTT, LLP
Daniel Werner
Zachary Panter
James Radford
125 Clairemont Ave.
Suite 380
Decatur, GA 30030

BEAL SUTHERLAND
BERLIN & BROWN, LLC
Rachel Berlin Benjamin
Brian J. Sutherland
2200 Century Parkway NE
Suite 100
Atlanta, GA 30345

HALL & LAMPROS LLP
Christopher B. Hall
300 Galleria Parkway
Suite 300
Atlanta, GA 30339

11. This Order shall not be used as evidence or be interpreted in any way to be relevant to whether litigation classes should be or should have been certified for class treatment.

12. In the Preliminary Approval Order, the Court approved the Distribution Forms and the form of notice submitted to the Court as Attachment A, Exhibit A to the Joint Motion for Order Preliminarily Approving Amended Class Action Settlement, Approving Fair Labor Standards Act Settlement, and

Directing Notice and Other Relief, Doc. 140-2, and directed that the Distribution Forms and notice be sent in the manner set forth in the Agreement. Doc. 143 at ¶¶ 14–17.

13. Before the final hearing, the Parties submitted evidence that the notice plan, which informed Settlement Class members of the terms of the proposed Settlement Agreement and of their right and opportunity to request exclusion from the Settlement Class and to object to the terms of the Agreement, were disseminated pursuant to and in compliance with the Order granting preliminary approval. Doc. 157-1.

14. As such, and as confirmed based on review of the evidence submitted and arguments asserted by counsel, the Court finds that the notice provided to Settlement Class Members (i) was the best practicable notice under the circumstances; (ii) was calculated to apprise Settlement Class Members of the pendency of the Action and their right to object to or seek exclusion from the Proposed Settlement and to appear at the final Fairness Hearing; and (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice. See Fed. R. Civ. P. 23(c)(2).

15. Additionally, the Court finds and concludes that the notice plan set forth in the Preliminary Approval Order and effectuated by the Parties complied with the requirements of Fed. R. Civ. P. 23, along with the due process requirements

prescribed by the Georgia and United States Constitutions. The Court further finds that the notice campaign stated in plain, easily understood language, inter alia, (a) the nature of the action; (b) the Settlement Class definition; (c) the claims and defenses at issue; (d) that Settlement Class Members could object to the proposed Settlement Agreement and could participate in person or through counsel; (e) the method by which Settlement Class Members could elect to be excluded from the proposed Settlement Agreement and Settlement Class, and that the Court would exclude any Class Members who timely and properly requested exclusion; and (f) the binding effect of final judgment on Settlement Class Members who did not request exclusion from the Settlement Class.

16. For these reasons, the notice as disseminated is finally approved as fair, reasonable, and adequate.

17. The Fairness Hearing and the evidence before the Court support a finding that the Agreement was entered in good faith between the Plaintiffs and Defendants. Specifically, the Court affirms its findings in the Order granting preliminary approval that negotiations occurred at arm's length, that there was sufficient and extensive discovery prior to settlement, and that the Settlement Agreement is fair, reasonable, and adequate to Settlement Class Members, based on, inter alia, the absence of any objections.

18. Based on the terms and conditions set forth in the Settlement Agreement, and given the benefits conferred by the Settlement Agreement to Settlement Class Members compared to the risks of continued prosecution and appeal, settlement of this Action is finally approved as fair, reasonable, adequate, and in the best interest of Settlement Class Members.

19. Where a proposed settlement class complies with the Rule 23 requirements, this Circuit expresses a strong preference towards settlement of class litigation, and as such class settlements should be approved if the terms are "fair, adequate, reasonable, and not the product of collusion." *Leverso v. SouthTrust Bank of Al., Nat. Assoc.*, 18 F.3d 1527, 1530 (11th Cir. 1994) (citation omitted).

20. The textual requirements for approval of proposed settlements are set forth in Rule 23(e)(2), under which settlements may be approved if (i) the Class was adequately represented and the settlement was negotiated at arm's length, and (ii) the relief provided is adequate under the factors outlined in Rule 23(e)(2)(C). The Court finds that these requirements are satisfied here.

21. Rule 23 is intended to "focus the court and the lawyers on the core concerns" of whether a settlement is fair and reasonable, but not to eliminate the various circuits' governing law on class action settlements. Fed. R. Civ. P. 23(e)(2) Committee Notes on Amendment – 2018. As such, the factors prescribed by

*Bennett v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984) for courts to consider when evaluating the terms of a proposed settlement remain relevant. *See In re S. Co. S'holder Derivative Litig.*, No. 1:17-CV-725-MHC, 2022 WL 4545614, at \*5 (N.D. Ga. June 9, 2022) (applying the *Bennett* factors). These factors are: (1) likelihood of success at trial; (2) range of potential recovery; (3) the point on the range at which a settlement is fair, adequate, and reasonable; (4) the complexity, expense, and duration of litigation; (5) nature of any opposition to the settlement; and (6) the stage of proceedings when settlement occurred. *Bennett*, 737 F.2d at 986.

22. The Rule 23(e)(2) threshold requirements – adequate representation and arm's length negotiations – weigh in favor of settlement here. First, the question of adequate representation concerns whether the class representatives secured the information and knowledge of the relevant claims and defenses necessary to make an intelligent assessment of the pros and cons of potential settlement terms. Fed. R. Civ. P. 23(e)(2)(A); *see also Williams v. New Penn Fin., LLC*, Case No.: 3:17-cv-570-J-25JRK, 2019 WL 2526717, at \*3 (M.D. Fla. May 8, 2019) (adequacy requirement addresses whether class representatives had "adequate information base" to evaluate potential settlement terms).

23. Record evidence demonstrates that this has been hard-fought, complex, and protracted litigation involving substantial motion practice, discovery, settlement negotiations, preliminary approval of the class settlement, and distribution of the class notice. Class Counsel were well-versed in the information necessary to evaluate the merits and benefits of settlement compared to the risk of further litigation. As such, the Court finds that the Class Representatives have satisfied the Rule 23(e)(2)(A) "adequacy of representation" requirement.

24. As other courts have noted, the Rule 23(e)(2)(A) requirement essentially overlaps with Bennett's "stage of proceedings" factor, *Cook v. Gov't Emples. Ins. Co.*, Case No.: 6:17-cv-891-ORL-40KRS, 2020 U.S. Dist. LEXIS 111956, at *18 (M.D. Fla. Jun. 22, 2020), which is also intended "to ensure that Plaintiffs had access to sufficient information to adequately evaluate the merits of the case and weigh the benefits of settlement against further litigation." *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005). Thus, the Court further finds that the Bennett "stage of proceedings" weighs in favor of approving the Settlement Agreement.

25. The Court also finds that the record evidence demonstrates the "arm's length negotiations" requirement prescribed by Rule 23(e)(2)(A) is also satisfied here, particularly given that settlement occurred after extensive negotiations

and an all-day face-to-face mediation session with an experienced mediator with class settlement experience. The "nature of the negotiations" also weighs in favor of settlement approval.

26. Rule 23(e)(2)(C) also prescribes the following factors for courts to analyze in evaluating whether the substantive terms of a settlement are fair and reasonable: the risk of non-settlement, the method for processing claims and distributing relief, and the terms of attorneys' fees. See Fed. R. Civ. P. 23(e)(2)(C)(i)-(iii).

27. The first factor – the "costs, risks, and delay of trial and appeal" – overlaps with the first four Bennett factors: (1) likelihood of success, (2) range of potential recovery, (3) where, on the range of potential recovery, the amount to which Class Members are entitled falls, and (4) the duration and length of litigation. *See, e.g., Williams v. New Penn Fin*., *LLC*, Case No: 3:17-cv-570-J-25JRK, 2019 U.S. Dist. LEXIS 106268, at *11 (M.D. Fla. May 8, 2019). The question under Rule 23(e)(2)(C)(i) and the first four Bennett factors is whether class members' potential recovery if ultimately successful on the merits, taking into account the risks of losing outright, is consistent with the relief provided by the proposed settlement agreement. *See Cook v. Gov't Emples. Ins. Co*., Case No. 6:17-cv-891-ORL-40KRS, 2020 U.S. Dist. LEXIS 111956, at *20 (M.D. Fla. Jun. 22, 2020) ("[C]ourts should estimate the

potential recovery if ultimately successful versus the risks of losing outright and determine whether the relief provided comports therewith."). The question is not the amount of relief in a vacuum, but "whether that relief is reasonable when compared with the relief 'plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing.'" *Burrow v. Forjas Taurus S.A.*, Case No. 16-21606-Civ-TORRES, 2019 U.S. Dist. LEXIS 151734, at *26 (S.D. Fla. Sep. 6, 2019) (citations omitted).

28. The Court finds that Rule 23(e)(2)(C)(i) weighs in favor of approving the Settlement Agreement. There was no guarantee or certainty of Plaintiffs' success at trial, or even that the case would be certified as a litigated class action. Class certification is always uncertain and can result in substantial delay, including extensive class discovery, certification briefing, and Rule 26(f) petitions. This Settlement Agreement creates a result that will provide significant relief and avoid the expected lengthy litigation. The Settlement Agreement proposed by the Parties immediately provides the certainty of valuable and substantial benefits to the Settlement Class Members in the form of money.

29. Class Counsel has secured a settlement of Plaintiffs' claims on a class wide basis for significant monetary relief of $1,062,500.00. Through the Settlement Fund, Class Members will receive a fair percentage of the maximum amount

they could possibly receive through successful litigation. Courts have held that class recoveries between 13% and 20% are "frequently found . . . to be fair and adequate." *Parsons v. Brighthouse Networks, LLC*, No. 2:09-cv-267-AKK, 2015 WL 13629647, at *3 (N.D. Ala. Feb. 15, 2015). This Settlement Agreement provides recovery significantly above that range.

30. This Court finds that the next substantive factor under Rule 23(e)(2)(C)(ii) —the method for "distributing relief" and "processing class-members claims"—also favors approval of the Settlement Agreement. The Settlement Agreement and the Distribution Forms showed careful consideration of issues relating to the fact that many Class Members are in Mexico and it had appropriately detailed provisions relating to notice, communication with Class Members, and facilitating payment of the large amounts agreed to in the settlement.

31. This Court finds that Rule 23(e)(2)(C)(iii) also favors approval of the Agreement. Rule 23(e)(2)(C)(iii) calls the Court's attention to "terms of any proposed award of attorney's fees[.]" Class Counsel filed their Motion for Attorneys' Fees and Costs on October 13, 2025. (Doc. 154). At the time Class Counsel filed their motion for fees and costs, Class Counsels' total attorneys' fees, based on the lodestar, were $560,738.00, and case costs were $7,337.64. Doc. 154 at 8-9. The Motion sought $478,500 for attorneys' fees and costs; a

16

substantial reduction below Class Counsels' lodestar, particularly factoring in (a) at-the-time prospective attorneys' fees and costs associated with seeking final approval of the Settlement Agreement and (b) the ongoing litigation against Defendant Total Employee Solution Support, LLC ("TESS"), which was closely related to and necessary for achieving the settlement with the Settling Defendants, but for which Class Counsel did not seek attorneys' fees or costs in the Settlement Agreement.

32. No class members objected to Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs.

33. The Court has reviewed all declarations and evidence submitted in support of the Motion for Attorneys' Fees and Costs and finds that the fees and costs sought by Plaintiffs are reasonable under the analysis prescribed by Eleventh Circuit law and under Rule 23(h). *In re Home Depot, Inc., Customer Data Sec. Breach Litig.,* 931 F.3d 1065, 1079–82 (11th Cir. 2019) (recognizing lodestar use in fee-shifting class settlement and distinguishing common fund cases); *see also Kenny A. v. Perdue*, 454 F. Supp. 2d 1260, 1284–96 (N.D. Ga. 2006) (calculating lodestar in class-wide foster-care reform settlement), rev'd on enhancement only, *Perdue v. Kenny A.*, 559 U.S. 542, 554 (2010) (noting there is a "'strong presumption' that the lodestar figure is reasonable[.]").

34. Thus, this Court finds that Rule 23(e)(2)(C)(iii) favors approval of the Agreement and Unopposed Motion for Attorneys' Fees and Costs.

35. The Court finds that the final substantive factor, found in Rule 23(e)(2)(D) and addressing whether the Settlement Agreement provides equitable treatment to all class members, weighs in favor of approval of the Settlement Agreement. Class Counsel took care to ensure equitable treatment between Class Members, with each Class Member receiving $5,648.55 and the FLSA collective action subclass members who timely submitted Consents to Sue receiving an additional $173.31 per workweek; an average of $5,000 per collective member. No Class Members objected to this distribution model.

36. Additionally, the scope of the release identically impacts all Class Members. See Rule 23(e)(2)(D), Committee Notes on Rules - 2018 Amendment (courts should evaluate whether "the scope of the release may affect class members in different ways"). As such, this Court finds that Rule 23(e)(2)(D) weighs in favor of approval of the settlement.

37. Finally, the Court notes that the two Bennett factors not subsumed within Rule 23—that is, the opposition to the settlement terms and the opinions of the Class Representatives—weigh in favor of settlement. First, not a single Class Member lodged an objection or requested exclusion. Pursuant to the Settlement Agreement and prior to the Final Approval Hearing, Class Counsel

18

submitted an affidavit to the Court confirming that the notice plan was completed, describing how the notice plan was completed and detailing the number of Settlement Distribution Forms that were timely and validly submitted. Doc. 157-1. These numbers strongly support the fairness, adequacy, and reasonableness of the Settlement Agreement. *See Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 694 (S.D. Fla. 2014) ("[L]ow resistance to the settlement [through opt- outs and objections] ... weighs in favor of approving the settlement."); *Morgan v. Public Storage*, 301 F. Supp. 3d 1237, 1252 (S.D. Fla. 2016) ("In a class of hundreds of thousands, the low number of opt-outs and objections reflects the Class' overall satisfaction with the settlement."). Second, the opinions of Class Counsel and the Named Plaintiff favors approval of the settlement. Class Counsel are experienced class action litigators with excellent reputations, and this Court is inclined to give weight to their opinions. *See Thompson v. State Farm Fire & Cas. Co.*, Case No.: 5:14-cv-00032 (MTT), 2019 U.S. Dist. LEXIS 6137, at *14–15 (M.D. Ga. Jan. 14, 2019) (relying on opinion of Class Counsel because "[a]bsent fraud, collusion, or the like, the district court should be hesitant to substitute its own judgment for that of counsel.") (quotations & citations omitted); *Cook*, 2020 U.S. Dist. LEXIS 111956, at *26 (finding that the undersigned are "experienced and well-regarded class action litigators" and

taking note of their opinions). Thus, this Court finds that the remaining Bennett factors favor approval of the Settlement Agreement.

**NOW, THEREFORE, IT IS ORDERED AND ADJUDGED THAT**

38. The Court possesses subject matter jurisdiction over this Action and to approve the Settlement Agreement, and has personal jurisdiction over the Named Plaintiffs, Defendants, and all Settlement Class Members. The Unopposed Motion for Final Order Approving Class Action Settlement is **GRANTED**.

39. The Court finds that all Rule 23(a) prerequisites for certification of a settlement class under have been satisfied and that the Rule 23(b)(3) factors favor certification. As such, the Court confirms certification of the Settlement Class for settlement purposes only.

40. The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate and consistent with due process requirements, and are in the best interests of the Settlement Class. The Settlement Agreement, including all terms and provisions, is approved in all respects, and the Parties are directed to effectuate the Agreement in accordance with its terms.

41. The Court finds that, in negotiating, entering, and implementing the Settlement Agreement, Class Counsel and the Named Plaintiffs adequately, appropriately, and fairly represented and protected the interests of Settlement

Class Members. As such, the Court reconfirms its appointment of the Named Plaintiffs and Class Counsel as Class Representatives, as set forth above.

42. The Court notes that no Settlement Class Members have objected to the Settlement Agreement or opted out of the Settlement. All Settlement Class Members are therefore adjudged to be members of the Settlement Class and are bound by this Final Order and Judgment and by the terms of the Settlement Agreement, including the terms and provisions of the Release set forth therein.

43. The Court has reviewed all declarations and evidence submitted in support of the Unopposed Motion for Attorneys' Fees and Costs and finds that the fees and costs sought by Plaintiffs are reasonable under the analysis prescribed by Eleventh Circuit law and under Rule 23(h). The Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs is **GRANTED**.

44. This Action as to Defendants Columbia Recycling Corp. and Gold Pond Corp. is dismissed with prejudice in its entirety on the merits, without leave to amend and without additional fees or costs except those expressly provided in this Final Order and Judgment granting the Motion for Attorneys' Fees and Costs.

45. Upon entry of this Final Order and Judgment, each Settlement Class Member, as well as their heirs, estates, trustees, executors, administrators, agents, beneficiaries, successors, assigns, and representatives, and/or anyone acting

or purporting to act for them or on their behalf, shall be conclusively deemed to have fully released and discharged all Released Claims against Defendants Columbia Recycling Corp. and Gold Pond Corp. as defined and set forth in the Settlement Agreement.

46. This Final Order and Judgment incorporates the remaining terms of the Settlement Agreement, including all provisions addressing jurisdiction to enforce the terms and provisions of the Settlement Agreement, admissibility of the Settlement Agreement, as well as the requirements for distributing funds.

47. Without in any way affecting the finality of this Final Judgment, and without affecting the jurisdiction of any other court to enforce the Settlement Agreement as appropriate, this Court shall retain continuing jurisdiction over this Action for purposes of: (a) enforcing the terms and provisions of the Settlement Agreement, (b) hearing and resolving any application by a Party for a settlement bar order, (c) any other matter related or ancillary to any of the foregoing, and/or (d) presiding over remaining claims against Defendant TESS.

**IT IS SO ORDERED** this 17th day of November, 2025.

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE